

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LARRY JAMES TYLER,<br>    Plaintiff, § § § | |
| vs. § | Civil Action No. 4:19-2318-MGL |
| JAMES BOGLE, SR; PAUL M. BURCH; and<br>TONY CHAVIS,<br>    Defendants. § § § § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE
AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**

Plaintiff Larry James Tyler (Tyler), proceeding pro se, filed this lawsuit against South Carolina Assistant Attorney General James Bogle, Sr. (Bogle); the Honorable Paul M. Burch, South Carolina Circuit Court Judge, Fourth Judicial District (Judge Burch); and Darlington County Sheriff Tony Chavis (collectively, the Defendants), alleging constitutional violations under 42 U.S.C. § 1983 and false imprisonment. Tyler seeks declaratory, injunctive, and monetary relief.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Tyler's complaint be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on October 8, 2019, the Clerk of Court entered Tyler's objections to the Report on October 17, 2019, and the Clerk of Court entered Tyler's supplement to his objections on October 21, 2019.  The Court has reviewed the objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

Tyler's complaint is before the Court for pre-service review.  Tyler challenges his pending sexually violent predator (SVP) proceedings pursuant to South Carolina's Sexually Violent Predator Act (SVPA), codified at S.C. Code Ann. § 44-48-10 *et seq.*  Tyler argues the Defendants have denied him due process and falsely imprisoned him.

Prior to addressing Tyler's complaint, the Court will provide a brief primer on South Carolina's SVPA.  "The SVP program in this state is administered under the supervision of the Department of Mental Health."  *State v. Miller*, 744 S.E.2d 532, 537 (S.C. 2013).

The SVPA requires review of the records of any person convicted of a sexually violent offense by a multidisciplinary team, generally prior to their release from confinement.  S.C. Code Ann. §§ 44-48-40, 50.  If the multidisciplinary team concludes the person satisfies the definition of a SVP, the "team must forward a report of the assessment to the prosecutor's review committee (PRC) and notify the victim."  *Id.* § 44-48-50.

"When the [PRC] has determined that probable cause exists to support [an] allegation that the person is a [SVP], the Attorney General must file a petition with the court in the jurisdiction where the person committed the offense" and "must notify the victim that the committee found probable cause exists." *Id.* § 44-48-70. "Upon filing of a petition, the court must determine whether probable cause exists to believe that the person named in the petition is a [SVP]"; and if it does, the person must be taken into custody if he is not already confined in a secure facility." *Id.* § 44-48-80(A).

Further, the court must "direct that the person be transported to an appropriate facility of the South Carolina Department of Mental Health [SCDMH] for an evaluation as to whether the person is a [SVP]." *Id.* § 44-48-80(D). If either the person or the South Carolina Attorney General disagree with the assessment of the SCDMH, he or she "may retain a qualified expert to perform a subsequent examination." *Id.* § 44-48-90(C). "All examiners are permitted to have reasonable access to the person for the purpose of examination, as well as access to all relevant medical, psychological, criminal offense, and disciplinary records and reports." *Id.*

The purpose of SVP laws "is similar to other involuntary commitment statutes which the United States Supreme Court has consistently upheld as long as they are applied to individuals with mental health problems making them unable to control behavior which poses a danger to public safety." *In re Treatment and Care of Luckabaugh*, 568 S.E.2d 338, 348 (S.C. 2002). Thus, according to South Carolina's Supreme Court, "it cannot be said 'the involuntary civil confinement of a limited subclass of dangerous persons is contrary to our understanding of ordered liberty.'" *Id.* (quoting *Kansas v. Hendricks*, 521 U.S. 346, 357 (1997)). And, as is relevant here, South Carolina has a "public policy" to protect its minors from sexual predators. *State v. Reid*, 679 S.E.2d 194, 201 n.6 (S.C. Ct. App. 2009). "Notwithstanding its punitive attributes, [the South

3

Carolina Supreme Court] and many others, to include the United States Supreme Court, have concluded that [a] SVP program is a civil, non-punitive treatment program." *Miller*, 744 S.E.2d at 537.

Turning to Tyler's criminal history, "[i]n 1993, he pled guilty in Texas to indecency with a child by conduct." Final Br. of Appellant Tyler at 11, *In re Matter of the Care and Treatment of Larry James Tyler* (*In re Tyler*), Appellate Case No. 2018-001442 (S.C. Ct. App.). "In 2013, [Tyler] pled guilty[, in South Carolina,] to sexual exploitation of a minor in the second degree, criminal solicitation of a minor, disseminating harmful material to a minor, and contributing to the delinquency of a minor." *Id.*

While incarcerated at the South Carolina Department of Corrections (SCDC) for the aforementioned South Carolina offenses, South Carolina's multi-disciplinary team completed a Sexual Predator Referral Form and determined Tyler satisfied the definition of a SVP and a review by the PRC was warranted. The PRC found probable cause he had been convicted of a sexually violent offense and suffered from a mental abnormality or personality disorder and needed to be confined for long-term treatment.

Boggle then petitioned the Darlington County circuit court to designate Tyler as a SVP under the SVPA. Judge Burch found probable cause to believe Tyler is a SVP as defined by the SVPA, and appointed him legal counsel to represent him in a probable cause hearing. After the probable cause hearing with Tyler's appointed counsel, Judge Burch ordered him to undergo SVP medical evaluations as set forth in the SVPA. Although an attorney represented Tyler at the hearing before Judge Burch, Tyler posits he briefly met with the attorney before the hearing and failed to obtain an adequate opportunity to defend himself. Tyler was subsequently released from

the SCDC and moved to the Darlington County Department of Corrections (DCDC) for holding pending the ongoing SVPA proceedings.

Tyler was then evaluated by Dr. Marie Geyle, and her report concluded Tyler failed to meet the criteria to be considered a SVP. The Attorney General, pursuant to S.C. Code. Ann. § 44-48-90(C), requested a second opinion by the Medical University of South Carolina's Sexual Behaviors Clinic and Lab (MUSC Lab). The MUSC Lab, as part of their protocol in testing individuals such as Tyler, requested he submit to a penile plethysmograph (PPG) as part of the exam to determine whether he suffers from a mental abnormality or personality disorder that makes him likely to engage in acts of sexual violence. Tyler refused to submit to the PPG, and the South Carolina circuit court issued an order holding him in contempt. Tyler appealed that order, and the appeal is currently before the South Carolina Court of Appeals. *See In re Tyler*, App. Case No. 2018-001442.

The Magistrate Judge recommends the Court dismiss Tyler's complaint, without prejudice and service of process, due to its frivolous nature. *See generally* 28 U.S.C. § 1915(e)(2)(B)(i) ("[T]he court shall dismiss [a case filed by an indigent litigant who is not required to pay the administrative costs of proceeding with his lawsuit] at any time if the court determines that . . . the action or appeal is frivolous[.].")

The Court, loosely construing Tyler's handwritten pro se objections to the Report, identifies seven. As to the first, Tyler objects to the Magistrate's Judge's assertion the Supreme Court's decision in *Heck v. Humphry*, 512 U.S. 477 (1994), "bars both a claim that [a] plaintiff is being held past his mandatory parole release date as to his state convictions as well as his civil confinement pending assessment as [a] SVP." Report at 4. In particular, Tyler avers his complaint involves "issue[s] of liberty interest depriv[ation]" and "actions that make prisoners [such as

5

himself] ineligible for parole have been held to deprive them of a liberty interest." Obj. at 8.  Thus, according to Tyler, "[r]evocation of parole requires due process protections" and his Section 1983 claim is appropriate in the instant case notwithstanding the Supreme Court's decision in *Heck*.  *Id.*

In *Heck*, the United States Supreme Court held a state prisoner's claim for damages is not cognizable under Section 1983 where success of the action would implicitly question the validity of the conviction or the duration of a sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated.  512 U.S. at 486–87.  Stated differently, the Supreme Court in *Heck* concluded that until a criminal conviction or sentence is set aside by way of an appeal, PCR, habeas, or otherwise, any civil rights action for damages based on the conviction or sentence and related matters will be barred.  *Heck* also acts to bar a criminal defendant's claims for injunctive and declaratory relief.  *See Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, 131 S. Ct. 1289, 1298–1300 (2011)) (noting the Supreme Court in *Heck* "did not limit its holding to" Section 1983 claims for damages and also applies "in a situation where a criminal defendant seeks injunctive relief that necessarily implies the invalidity of his conviction.").

Although commitment under the SVPA is civil in nature as opposed to criminal, federal courts have concluded *Heck* precludes a Section 1983 claim as to proceedings under a state's SVPA. S*ee Huftile v. Miccio-Fonesca*, 410 F.3d 1136, 1139–40 (9th Cir. 2005) (noting *Heck*'s "favorable termination rule was intended to prevent a person in custody from using § 1983 to circumvent the more stringent requirements for habeas corpus" and "*Heck* applies to SVPA detainees with access to habeas relief.").

6

Here, because Tyler's SVPA proceeding is still ongoing, his Section 1983 claim for damages and injunctive relief fails as a matter of law under *Heck*. Consequently, the Court will overrule the objection.

Turning to Tyler's second objection, he contends the Magistrate Judge erroneously concluded even if his claims "are not barred by *Heck*, federal courts are not authorized [, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971),] to interfere with a State's pending criminal proceedings absent extraordinary circumstances." Report at 5 (footnote omitted). Tyler posits "the federal court has jurisdiction [to adjudicate his Section 1983 claim] because [the issues in his complaint involve] question[s] of constitutional [rights] of substantive weight in procedural due process of law." Obj. at 9. And, Tyler notes "[t]his is not a criminal proceeding by the state but a civil action." *Id.* at 8.

But, inasmuch as the Court previously concluded Tyler's claims are precluded by *Heck*, the Court need not address this objection.

Third, Tyler objects to the Magistrate Judge's conclusion the state, pursuant to the SVPA, had jurisdiction to begin proceedings against him. *See* Obj. at 14 ("The state never had jurisdiction to begin proceedings on [me].").

Here, as explained above, South Carolina's SVPA is a valid and constitutional exercise of the state's police powers. South Carolina's Attorney General had the legal authority to commence proceedings against Tyler under the SVPA in South Carolina circuit court. *See* § 44-48-10 *et seq*. Accordingly, the Court concludes Tyler's objection is without merit and will overrule the objection.

As to Tyler's fourth objection, he avers the Magistrate Judge erroneously concluded an interlocutory appeal to this Court inappropriate.

7

Here, Tyler seeks appellate review of orders in the state court proceeding against him. Under the *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983) (*Rooker-Feldman*) doctrine, federal courts have no appellate jurisdiction over state courts. As is relevant here, this doctrine "applies to interlocutory orders issued by state courts[,]" *Brown & Root v. Breckenridge*, 211 F.3d 194, 199 (4th Cir. 2000), and it "reinforces the important principle that review of state court decisions must be made to the state appellate courts, and eventually to the Supreme Court, not by federal district courts or courts of appeals[,]" *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 202 (4th Cir. 1887).

Accordingly, under the *Rooker-Feldman* doctrine, the Court is unable to hear Tyler's appeal of state court orders, and his objection will be overruled.

Turning to Tyler's fifth objection, he objects to the Magistrate Judge's determination "Bogle is protected from suit for [Tyler's] claims, as prosecutors have absolute immunity from damages for activities performed as 'an officer of the court' where the conduct at issue was closely associated with the judicial phase of the criminal process." Report at 9 (quoting *Van de Kamp v. Goldstein*, 555 U.S. 335, 341–43 (2009)). In particular, Tyler argues "a prosecutor is not absolutely immune with respect to actions outside of his or her role as an advocate, such as the execution of a certification for determination of probable cause." Obj. at 17.

It is well established that prosecutors have absolute immunity from damages for activities in, or connected with, judicial proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993) (internal quotation and citation omitted) ("[T]he duties of the prosecutor in his role as an advocate for the [s]tate involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom, and are nonetheless entitled to absolute immunity.").

Here, South Carolina's Attorney General and his assistants function as prosecutors in proceedings under the SVPA, and Bogle has absolute immunity for his prosecution-related activities in, or connected with, judicial proceedings. *See Bababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)) ("A prosecutor enjoys absolute immunity for prosecutorial functions 'intimately associated with the judicial phase of the criminal process.'"). Thus, Bogle's participation in Tyler's probable cause hearing, pursuant to the valid and constitutional SVPA, is a prosecution-related activity in, or connected with, judicial proceedings, and Tyler's objection will be overruled.

As to Tyler's sixth objection, he objects to the Magistrate Judge's conclusion Tyler's contention he lacks access to the Court is without merit. Here, Tyler has wholly failed to bring any specific objection to the Magistrate Judge's conclusion. Instead, he merely makes arguments the Magistrate Judge has already considered and rejected. Inasmuch as the Court agrees with the Magistrate Judge's treatment of this issue, it need not repeat the discussion here. Consequently, because Tyler neglects to make any specific objection, and the Court has found no clear error, it need not make a de novo review of the record before overruling this objection and accepting the Magistrate Judge's recommendation.

Lastly, Tyler objects to the Magistrate Judge's conclusion he "has asserted no valid federal claim[.]" Report at 11. Tyler avers his Fourteenth Amendment due process claim "is [his] valid [federal] claim." Obj. at 18.

Here, the Magistrate Judge concluded Tyler failed to state a federal claim. Tyler, in his objection, appears to posit inasmuch as he alleges a federal claim in his complaint, one must exist. But, the act of alleging a federal claim, by itself, fails to overcome the requirement the claim must

9

be pled with sufficiency and be non-frivolous.  Here, Tyler's allegations are insufficient to survive pre-service review.  Accordingly, this objection will be overruled.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Tyler's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court Tyler's complaint is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

**IT IS SO ORDERED.**

Signed this 13th day of September 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.